B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Patricia Ann Wade | **DEFENDANTS** U.S. Dept. of Education P.O. Box 60610 Harrisburg, PA 17106-0610 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) none | **ATTORNEYS** (If Known) FILED '21 AUG 17 BANKR SD IND PM 3:22 |
| **PARTY** (Check One Box Only) ☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This proceeding is brought under 28 U.S.C. §1334, 11 U.S.C. §727, 11 U.S.C. §523(a)(8), and Rule 7001(9) of the Federal Rules of Bankruptcy Law. This Court has jurisdiction to determine the dischargeability of the Debtor's Student Loan under 28 U.S.C. §1409 and Judiciary and Judicial Procedure Rules §157(b) and **NATURE OF SUIT** §1334(b).

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☑ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought  Other relief as the Court deems just and appropriate. | |

☑ ENVELOPE NOT PROVIDED
☑ COPIES NOT PROVIDED

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Patricia Ann Wade | BANKRUPTCY CASE NO.<br>15-10425-JMC-7 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>So. District of Indiana | DIVISION OFFICE | NAME OF JUDGE<br>Carr | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PATRICIA ANN WADE, Debtor & Plaintiff )<br>)<br>512 Grand View St )<br>Spencer, IN 47460 )<br>)<br>vs. )<br>)<br>U.S. Dept. of Education, Creditor & Defendant )<br>)<br>P.O. Box 60610 )<br>Harrisburg, PA 17106 )<br>) | Case No. 15-10425-JMC-7 |

## ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN

Debtor, Patricia Ann Wade, filed for Ch 7 Bankruptcy on 12-29-15 under 28 U.S.C. $ 1334. Her case was discharged on 4-5-16 under 11 U.S.C. $ 727 (Exhibit A). The Debtor's Federal Student Loan was listed on her Ch 7 petition but the debt was not discharged (Exhibit B). The Debtor is opening her case and petitioning for a discharge of her Federal Student Loan debt because it imposes an undue hardship on her.

**Jurisdiction**

This US Bankruptcy Court has jurisdiction to determine the dischargeability of the Debtor's Federal Student Loan under 28 U.S.C $ 1409 and Judiciary and Judicial Procedure Rules $157(b) and $1334(b). This adversary proceeding is brought under 28 U.S.C. $ 1334, 11 U.S.C. $ 727, 11 U.S.C. $ 523(a)(8), and Rule 700 (9) of the Federal Rules of Bankruptcy Procedure.


☑ ENVELOPE NOT PROVIDED
☑ COPIES NOT PROVIDED

**Debtor intended to pay the student loan debt**

The Debtor, Patricia Wade, took out student loans from the U.S. Department of Education to pay for graduate school at UNLV and The University of Iowa. After graduation, she worked at Indiana University and intended to repay the consolidated student loan through the Public Service Loan Forgiveness Program (PSLFP). She was unable to repay the loan through PSLFP because she separated from the IU position after 6.5 years and took a job in the private sector. The Debtor's student loan was switched to an income-driven repayment program, but is currently in forbearance due to the pandemic.

In the fourteen years since graduation, the Debtor has not made enough payments to either pay down the balance or approach completion of a repayment plan. Instead, with accrued interest, the current balance on her student loan is about twice what it was at graduation: $268,702 (Exhibit C). At least, the Debtor never defaulted on her student loan.

**Justification for discharge**

11 U.S.C. Section 523(a)(8) of the U.S. Bankruptcy code states that the criteria for discharge of student loans is undue hardship: When student loan debt imposes an undue hardship on the Debtor, the Court can discharge the debt. The debt is an undue hardship for the following reasons:

1. The Debtor has several other large debts

2. Debtor has insufficient income for necessities.

3. Debtor's financial dilemma will persist.

1. **High Debt Load**. In addition to the Federal Student Loan Balance, the Debtor has outstanding Federal tax debt, state tax debt, medical debt, and other debt:

| Debt | balance | |
|---|---|---|
| Federal Student Loan | $268,702 | Exhibit C |
| IRS | $85,000 | Exhibit D |
| INDOR | $11,900 | Exhibit E |
| Medical | $11,500 | Exhibit F |

2. **Low Income.** In 2021, the Debtor's gross income is $300 weekly (Exhibit G). If she works 50 weeks in 2021, the Debtor's gross annual income will be $15,000. The pandemic constrained her employer and reduced her income. The Debtor expects her income to rise to pre-pandemic levels next year. Still, at those higher levels of income, the magnitude of the cumulative debt load is overwhelming:

| Pre-pandemic Year | Gross income | |
|---|---|---|
| 2017 | $18,896 | Exhibit H |
| 2018 | $24,023 | Exhibit I |
| 2019 | $28,815 | Exhibit J |

3. **Persistent Financial Dilemma.** The Debtor applied for thousands of better paying jobs that required her graduate degrees. She had interviews but no job offers. She has expended much effort without success. Now, the Debtor must continue working for her current employer because he paid her medical bill and she must pay him back. Even without the medical debt limiting her job options, the odds of the Debtor starting a new career at sixty years of age are slim.

**Conclusion**

The Debtor is 60 yrs old with no retirement, no savings, little income, and a mountain of debt. The Debtor's financial dilemma will persist and continue to pose an undue hardship on her. Wherefore, the Debtor respectfully requests that this Court discharge her Federal Student Loan Debt and grant other relief that the Court deems just and appropriate. The Debtor consents to the entry of final judgment by the Bankruptcy Judge.

Sincerely,

*Pat Wade*
Patricia Ann Wade, Debtor
512 Grand View St
Spencer, IN  47460
blissfulafterglow@gmail.com
317 519-4041 cell