UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PATRICIA ANN WADE, | ) | Case No.  15-10425-JMC-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| PATRICIA ANN WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 21-50073 |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO ADVERSARY COMPLAINT TO DETERMINE
DISCHARGEABILITY OF STUDENT LOAN[1]**

Defendant, the United States of America, Department of Education ("ED") for its Answer to the Adversary Complaint to Determine Dischargeability of Student Loan:

Debtor, Patricia Ann Wade, filed for Ch 7 Bankruptcy on 12-29-15 under 28 U.S.C. $ 1334.  Her case was discharged on 4-5-16 under 11 U.S.C. $ 727 (Exhibit A).  The Debtor's Federal Student Loan was listed on her Ch. 7 petition but the debt was not discharged (Exhibit B).  The Debtor is opening her case and petitioning for a discharge of her Federal Student Loan debt because it imposes an undue hardship on her.

**ANSWER:**    Defendant admits that, on or around December 29, 2015, Patricia Ann Wade filed a petition under chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Indiana, Case No. 15-10425-JMC-7.  Defendant denies the remaining allegation in unnumbered Paragraph 1.

---

[1] For ease of reference, Defendant has set forth *verbatim* the topic headings in Plaintiff's Complaint. In doing so, Defendant does not admit any of the allegations in the Complaint or content of the headings

1

### Jurisdiction

This US Bankruptcy Court has jurisdiction to determine the dischargeability of the Debtor's Federal Student Loan under 28 U.S.C. $ 1409 and Judiciary and Judicial Procedure Rules $157(b) and $1334(b). This adversary proceeding is brought under 28 U.S.C. $ 1334, 11 U.S.C. $ 727, 11 U.S.C. $ 523(a)(8), and Rule 700 (9) of the Federal Rules of Bankruptcy Procedure.

**ANSWER:** Unnumbered Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

### Debtor intended to pay the student loan debt

The Debtor, Patricia Wade, took out student loans from the U.S. Department of Education to pay for graduate school at UNLV and The University of Iowa. After graduation, she worked at Indiana University and intended to repay the consolidated student loan through the Public Service Loan Forgiveness Program (PSLFP). She was unable to repay the loan through PSLFP because she separated from the IU position after 6.5 years and took a job in the private sector. The Debtor's student loan was switched to an income-driven repayment program, but is currently in forbearance due to the pandemic.

**ANSWER:** Defendant admits that the Plaintiff was previously approved for loan payment flexibilities including income driven repayment plans, unemployment deferments, and administrative forbearance. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in unnumbered Paragraph 3 and, for this reason, denies them.

In the fourteen years since graduation, the Debtor has not made enough payments to either pay down the balance or approach completion of a repayment plan. Instead, with accrued interest, the current balance on her student loan is about twice what it was at graduation: $268,702 (Exhibit C). At least, the Debtor never defaulted on her student loan.

**ANSWER:** Defendant admits that the Plaintiff has not made enough payments to satisfy the balance of her student loan. Defendant denies the remaining allegations in unnumbered Paragraph 4.

### Justification for discharge

11 U.S.C. Section 523(a)(8) of the U.S. Bankruptcy code states that the criteria for discharge of student loans is undue hardship:  When student loan debt imposes an undue hardship on the Debtor, the Court can discharge the debt.  The debt is an undue hardship for the following reasons:

1. The Debtor has several other debts
2. Debtor has insufficient income for necessities.
3. Debtor's financial dilemma will persist.

**ANSWER:**   Unnumbered Paragraph 5 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in unnumbered Paragraph 5 and, for this reason, denies them.

1. **High Debt Load**.  In addition to the Federal Student Loan Balance, the Debtor has outstanding Federal tax debt, state tax debt, medical debt, and other debt:

| Debt | balance | |
|---|---|---|
| Federal Student Loan | $268,702 | Exhibit C |
| IRS | $85,000 | Exhibit D |
| INDOR | $11,900 | Exhibit E |
| Medical | $11,500 | Exhibit F |

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in unnumbered Paragraph 6 and, for this reason, denies them.

2. **Low Income**.  In 2021, the Debtor's gross income is $300 weekly (Exhibit G).  If she works 50 weeks in 2021, the Debtor's gross annual income will be $15,000.  The pandemic constrained her employer and reduced her income.  The Debtor expects her income to rise to pre-pandemic levels next year.  Still, at those higher levels of income, the magnitude of the cumulative debt load is overwhelming.

| Pre-pandemic Year | Gross income | |
|---|---|---|
| 2017 | $18,896 | Exhibit H |

3

| | | |
|---|---|---|
| 2018 | $24,023 | Exhibit I |
| 2019 | $28,815 | Exhibit J |

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in unnumbered Paragraph 7 and, for this reason, denies them.

3.   **Persistent Financial Dilemma**.  The Debtor applied for thousands of better paying jobs that required her graduate degrees.  She had interviews but no job offers.  She has expended much effort without success.  Now, the Debtor must continue working for her current employer because he paid her medical bill and she must pay him back.  Even without the medical debt limiting her job options, the odds of the Debtor starting a new career at sixty years of age are slim.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in unnumbered Paragraph 8 and, for this reason, denies them.

### Conclusion

The Debtor is 60 yrs old with no retirement, no savings, little income, and a mountain of debt.  The Debtor's financial dilemma will persist and continue to pose an undue hardship on her.  Wherefore, the Debtor respectfully requests that this Court discharge her Federal Student Loan Debt and grant other relief that the Court deems just and appropriate.  The Debtor consents to the entry of final judgment by the Bankruptcy Judge.

**ANSWER:** Unnumbered Paragraph 9 contains a demand for relief and a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief.

### General Reservation

Defendant denies all allegations in Plaintiff's Complaint not otherwise expressly admitted.

5

**WHEREFORE**, Defendant respectfully requests that the Court dismiss the Complaint, enter judgment in Defendant's favor, and award all other relief that is just and proper.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

By:  /s/ *J. Taylor Kirklin*
J. Taylor Kirklin
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2021, a copy of the foregoing was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that, on the same date, I caused a true and correct copy of the foregoing to be sent by first class U.S. Mail, postage prepaid and properly addressed to the following:

Patricia Ann Wade
512 Grand View Street
Spencer, IN 47460

> /s/ *J. Taylor Kirklin*
> J. Taylor Kirklin
> Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
Telephone:  317-226-6333
Fax:  317-226-5027